\

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

JEREMY COLEMAN                      CIVIL ACTION NO. 13-2616-P

VERSUS                                  JUDGE HICKS

WARDEN JERRY GOODWIN         MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jeremy Coleman ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on September 5, 2013.  Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He challenges his state court conviction and sentence.  He names Warden Jerry Goodwin as respondent.

On November 16, 2009, Petitioner pleaded guilty to one count of manslaughter in Louisiana's First Judicial District Court, Parish of Caddo.  Subsequently, he was sentenced to 50 years imprisonment at hard labor without benefit of probation or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel during his post-conviction relief proceedings, and (2) his guilty plea was involuntary because he received ineffective assistance of trial counsel.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

<u>Habeas</u> <u>corpus</u> relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue <u>habeas</u> relief in federal court is not unqualified. It is well settled that a petitioner seeking federal <u>habeas</u> <u>corpus</u> relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. <u>See Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Minor v. Lucas</u>, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); <u>Rose</u>, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the <u>habeas</u> <u>corpus</u> petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. <u>See</u> <u>Resendez v. McKaskle</u>, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies as to the claims presented in this petition because he only presented them in the Supreme Court of Louisiana (Doc. 1-1, p. 6 ). Thus, Petitioner did not exhaust his state court remedies prior to filing his petition in this court. <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). Furthermore, there is no state court ruling which procedurally bars Petitioner's

claims in the state court and his claims therefore do not fall under a procedural bar exception. The Supreme Court of Louisiana denied his application for supervisory and/or redial writs with a one word denial.  See State ex rel. Coleman v. Louisiana, 2012-KH-2476 (La. 4/5/2013).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of April 2014.

Mark L. Hornsby
U.S. Magistrate Judge